USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _4/7/2020____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

JOEY COLON,

              Defendant.

17 Cr. 611-2 (AT)

**ORDER**

ANALISA TORRES, District Judge:

       It is ORDERED that a sentencing shall be held in this action on **April 13, 2020**, at **2:00 p.m.** The sentencing shall proceed by telephone conference. The parties are directed to call either (888) 398-2342 or (215) 861-0674, and enter access code 5598827.

       Under the terms of Section 15002(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136 (2020), the Judicial Conference of the United States has found that emergency conditions due to the national emergency declared by the President of the United States with respect to COVID-19 have materially affected and will continue to materially affect the functioning of the federal courts, and the Chief Judge of this district has entered an order finding that "felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure . . . cannot be conducted in person without seriously jeopardizing public health and safety," and authorizing such proceedings to be conducted by "video teleconferencing, or telephone conferencing if video conferencing is not reasonably available . . . with the consent of the defendant . . . after consultation with counsel and upon a finding by the presiding judge that the proceeding cannot be further delayed without serious harm to the interests of justice." *In re Coronavirus/Covid-19 Pandemic*, 20 Misc. 176, ECF No. 1 at 1, 3 (S.D.N.Y. Mar. 30, 2020).

       Defendant's counsel having represented to the Court that Defendant consents to this sentencing being conducted via telephone conference, the Court finds that this proceeding cannot be further delayed without serious harm to the interests of justice because of the age of the case, the range of sentencing options presented to the Court, and the possibility that imposing sentence in this matter will result in Defendant's no longer being held in a New York City-area jail and in an overall reduction in the incarcerated population in this district, where the spread of COVID-19 presents a serious risk. The Court further finds that video teleconferencing is not reasonably available in the facility where Defendant is currently housed. Accordingly, pursuant to Section 15002(b)(2)(A) of the CARES Act, it is ORDERED that the sentencing shall proceed by telephone conference.

       SO ORDERED.

Dated: April 7, 2020
       New York, New York

                                                 ANALISA TORRES
                                                 United States District Judge